UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EMZILE LEE WILBURN,            )
                               )
         Plaintiff,            )
                               )
    v.                         )    No. 4:07CV705(RWS)
                               )
JOHN FRISCELLA,                )
                               )
         Defendant.            )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of John Friscella (registration no. 38469 ), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the

1

prisoner's account for the prior six month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $40.00, and an average monthly account balance of $6.79.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $8.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt

2

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks relief damages and release from confinement pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as the sole defendant is John Friscella, an attorney who plaintiff privately retained to represent him in a state criminal case. Plaintiff alleges that defendant Friscella failed to adequately represent him and prejudiced his defense.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The actions of defendant Friscella in representing plaintiff do not constitute action under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of

state law); Harkins v. Eldredege, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, does not constitute action under color of state law).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $22.92 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE